**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

J-M MANUFACTURING COMPANY,
INC.,

                Plaintiff,

v.

THE GORI LAW FIRM, BETH GORI-
GREGORY, SARA SALGER, ERIN BEAVERS,
JASON STEINMEYER, CHRISTOPHER
LAYLOFF, AND JOHN AND JANE DOES 1-25.

                Defendants.

Case No. 3:26-cv-00094-SPM

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Federal Rule of Evidence 201, Defendants The Gori Law Firm, Beth Gori-Gregory, Sara Salger, Erin Beavers, Jason Steinmeyer, and Christopher Layloff (collectively, "Defendants") respectfully request that the Court take judicial notice of the following documents attached hereto (the "Exhibits"):

**Exhibit 1** is a true and correct copy of the judgment on special verdict entered in *Metzger v. J-M Mfg. Co., Inc., et al.*, Case No. 19STCV27717 (Cal. Super. Ct. L.A. Cnty.) on September 27, 2023.

**Exhibit 2** is a true and correct copy of the Standing Case Management Order For All Asbestos Personal Injury Cases entered in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, on September 5, 2024.

**Exhibit 3** is a true and correct copy of J-M's memorandum of points and authorities in support of its motion for summary judgment, or in the alternative, summary adjudication of issues,

- 1 -

filed in *Williams v. A.H. Voss Co., et al.*, No. RG19032329 (Cal. Super. Ct. Alameda Cnty.) on May 1, 2020.

**Exhibit 4** is a true and correct copy of the order denying J-M's motion for summary judgment filed in the *Williams* case on June 5, 2020.

**Exhibit 5** is a true and correct copy of the judgment on special verdict entered in the *Williams* case on March 11, 2021.

**Exhibit 6** is a true and correct copy of J-M's combined motion to dismiss and memorandum of law in support based upon a lack of personal jurisdiction filed in *Nettle et al. v. AGCO Corp. et al.*, No. 19-L-415 (Madison Cnty., IL) on June 30, 2020.  The *Nettle* case is referenced in paragraph 70 of J-M's Complaint.  Compl. ¶ 70(c).

**Exhibit 7** is a true and correct copy of J-M's motion to dismiss for lack of personal jurisdiction, or alternatively to transfer filed in *Podorski et al. v. AECOM Energy & Constr., Inc. et al.*, No. 20-L-559 (Madison Cnty., IL) on May 22, 2020.  The *Podorski* case is referenced in paragraphs 70 and 100 of J-M's Complaint.  Compl. ¶¶ 70(d), 100(a).

## ARGUMENT

When ruling on a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice."  *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).  Pursuant to Federal Rule of Evidence 201(b), a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022).

The Exhibits attached hereto are properly subject to judicial notice because they are all matters of public record filed in state courts. *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1048-49 (7th Cir. 2019); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("The district court properly considered the public court documents [filed in an earlier state court case] in deciding the defendants' motions to dismiss . . . ."); *World Water Works Holdings, Inc. v. Cont'l Cas. Co.*, 392 F. Supp. 3d 923, 932-33 (N.D. Ill. 2019) (judicially noticing court documents, including a brief in opposition to a motion to dismiss). The Exhibits—briefs, orders, and judgments filed in various state courts—provide "competent evidence of certain facts," *i.e.*, "that . . . specific document[s] [were] filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made." *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1064 (N.D. Ill. 2004) (quoting *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995)).

For example, the Complaint in this case alleges that some of the cases Defendants filed were baseless because a plaintiff's work history made it impossible to be exposed to J-M's products. *See* Compl. ¶¶ 63, 67-68, 70(a)-(b), 70(d)-(j). However, it is well settled that an individual can be exposed to asbestos through secondary exposure separate and apart from their work history. Exhibit 2 reflects a standing order for all asbestos cases filed in the same circuit court in which J-M alleges The Gori Law Firm filed objectively baseless cases, and which contains standard interrogatory questions and requests for production concerning secondary exposure. Similarly, Exhibits 3, 4, and 5 reflect California state court documents showing that: (i) J-M has argued that secondary exposure to asbestos is not a viable claim, *see* Ex. 3 at 17-19; (ii) the court rejected J-M's argument about secondary exposure, *see* Ex. 4 at 2-4; and (iii) the jury returned a verdict against J-M, *see* Ex. 5 at 2.

The Complaint in this case also alleges that the *Nettle* and *Podorski* cases were objectively baseless because there was "no evidence of exposure to underground pipe," Compl. ¶ 70(c), or "no allegation of exposure to ACP," *id.* ¶ 70(d).  However, Exhibits 6 and 7 reflect that J-M filed motions to dismiss in those cases that did not challenge the Complaint on those grounds and, instead, sought dismissal based on lack of personal jurisdiction and other grounds.  *See generally* Exs. 6, 7.  Finally, the Complaint states that there has been a "concerning pattern of misconduct by plaintiff's [sic] law firms in asbestos litigation," and cites cases purportedly supporting that assertion.  Compl. ¶¶ 2, 6-16.  Exhibit 1 reflects a recent multi-million dollar judgment against J-M and others for injuries due to asbestos exposure.

Defendants do not seek judicial notice of the Exhibits for the truth of any matters asserted in these documents, but rather for permissible purposes, such as establishing "the fact of such litigation," that J-M took certain positions in those litigations, and that those positions were at times rejected.  *Schmude*, 312 F. Supp. 2d at 1064.

## CONCLUSION

Based on the foregoing, because each document is a matter of public record not subject to reasonable dispute, Defendants respectfully request the Court take judicial notice of the Exhibits when deciding Defendants' motion to dismiss.

Dated: April 21, 2026                    Respectfully submitted,

/s/ Ryan J. Mahoney
Ryan J. Mahoney (State Bar No. 6290113)
ryan@themahoneylawfirm.com
**MAHONEY LAW FIRM, LLC**
2220 South State Route 157, Suite 250
Glen Carbon, IL 62034
Tel: (618) 961-8287

Neal K. Katyal (admitted *pro hac vice*)
NKatyal@milbank.com
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20003
Tel: (202) 835-7505

Matthew J. Laroche (admitted *pro hac vice*)
Lacey K. Reimer (admitted *pro hac vice*)
Alexander S. Ruppert (admitted *pro hac vice*)
mlaroche@milbank.com
lreimer@milbank.com
aruppert@milbank.com
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000

*Counsel for Defendants The Gori Law Firm,
Beth Gori-Gregory, Sara Salger,
Erin Beavers, Jason Steinmeyer, and
Christopher Layloff*