**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

J-M MANUFACTURING COMPANY, INC.,

      Plaintiff,

    v.

THE GORI LAW FIRM, BETH GORI-
GREGORY, SARA SALGER, ERIN
BEAVERS, JASON STEINMEYER,
CHRISTOPHER LAYLOFF, AND JOHN
AND JANE DOES 1-25,

      Defendants.

Case No. 3:26-cv-00094-SPM

Hon. Stephen P. McGlynn
District Judge

**PLAINTIFF J-M MANUFACTURING COMPANY, INC.'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR JUDICIAL NOTICE**

Plaintiff J-M Manufacturing ("J-MM") objects in part to Defendants' Request for Judicial Notice of seven exhibits. *See* Dkt. 55. The seven exhibits are court records consisting of filings in cases involving J-MM, as well as one standing order from an Illinois state court. Dkt. 55-1 to 55-7. J-MM objects to the request as it relates to Defendants' Exhibits 2, 3, 4, and 5 and does not object to the request as it relates to Exhibits 1, 6, and 7.

Judicial notice "merits the traditional caution it is given," and courts should police it "strictly." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Although judicial notice can prove that judicial proceedings occurred, judicial notice should not be used to prove the truth of any factual findings contained in court records. *See id.* & 1082 n.2 ("[C]ourts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed."). Indeed, "if a court could take judicial notice of a fact simply because it was found to be true in a previous action, the doctrine of collateral estoppel would be superfluous." *Id.* at 1083.

1

Defendants' request goes beyond merely establishing that certain proceedings occurred; instead, Defendants attempt to import findings of fact from those proceedings, in an end-run around the strict requirements of collateral estoppel. Most of the records at issue concern so-called "secondary exposure" to asbestos—that is, the theory that someone can develop asbestos-related illness simply from being in close contact with another person who has been exposed to asbestos. Exhibit 2 is a judicial standing order that contains certain references to secondary exposure, and Exhibits 3, 4, and 5 are court records containing arguments and factual findings about secondary exposure. Defendants admit that they are introducing these records to prove that "an individual can be exposed to asbestos through secondary exposure." Dkt. 55 at 3. J-MM strongly disputes Defendants' contention that the secondary-exposure theory is "well-settled." *See id*. How asbestos might cause illness is a hotly disputed matter to be decided with expert scientific testimony—not judicial notice on a motion to dismiss.

Indeed, the specific proposition that Defendants intend to prove only highlights the impropriety of their request at this stage. Defendants seek to avoid the sham-litigation exception to *Noerr-Pennington* immunity. The Complaint names numerous lawsuits that Defendants filed that were devoid of objective merit, which is sufficient to establish the exception at this stage. None of the documents proffered by Defendants contradict that showing. Importantly, the documents that Defendants wish to have judicially noticed are *not* from the cases that J-MM asserts are baseless, they are from cases filed by other plaintiffs' attorneys—not Defendants. *See* Exhibit 5. Facts found in other cases filed by other attorneys prove nothing about the cases Defendants actually filed. Thus, even if Defendants' secondary-exposure contention were the proper subject of judicial notice—it is not—these exhibits come nowhere close to supporting dismissal.

Defendants also seek judicial notice of two filings in cases referenced in the Complaint (Exhibits 6 and 7) and an unrelated judgment against J-MM (Exhibit 1). J-MM does not object to judicial notice of these exhibits to establish the facts that the filings were made and judgment was entered.

Dated: May 21, 2026

Respectfully submitted,

*/s/ Ashwin J. Ram*
Ashwin J. Ram (ARDC No. 6286478)
BUCHALTER LLP
180 North LaSalle Street, Suite 2300
Chicago, IL 60601-2808
Telephone: (312) 980-5760
aram@buchalter.com

Andrew Erskine (ARDC No. 6305806)
BUCHALTER LLP
180 North LaSalle Street, Suite 2300
Chicago, IL 60601-2808
Telephone: (312) 980-5760
aerskine@buchalter.com

Frank Fletcher (*Pro Hac Vice* Pending)
General Counsel
J-M Manufacturing Company, Inc.
d/b/a JM Eagle
5200 West Century Boulevard
Los Angeles, CA 90045
FrankFletcher@jmeagle.com

3