### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

J-M MANUFACTURING COMPANY, INC.,

       Plaintiff,

v.

THE GORI LAW FIRM, BETH GORI-GREGORY, SARA SALGER, ERIN BEAVERS, JASON STEINMEYER, CHRISTOPHER LAYLOFF, AND JOHN AND JANE DOES 1-25,

       Defendants.

Case No. 3:26-cv-00094-SPM

### DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE

J-M does not object to three of the seven exhibits (Exhibits 1, 6, and 7) for which Defendants seek judicial notice. *See* Dkt. Nos. 55, 58. J-M's sole objection to Exhibits 2 through 5, that "Defendants attempt to import findings of fact from" prior judicial proceedings, is without merit. Dkt. No. 58 at 2.

As an initial matter, J-M's argument does not apply to Exhibits 2 and 3 because they contain no findings of fact. Exhibit 2 is the Standing Case Management Order for asbestos cases entered in the Circuit Court in Madison County, Illinois. Defendants introduced this exhibit to show that the court that oversees much of the asbestos litigation underlying the Complaint requires ***automatic discovery*** concerning potential secondary exposure. Exhibit 3 is J-M's memorandum in support of summary judgment in an asbestos case (*Williams*) in which J-M argued that secondary exposure to asbestos is not a viable claim. Defendants introduced this Exhibit not for

the truth of anything J-M said, but for the fact that J-M made that argument, which was rejected by the court overseeing the case.

Defendants also do not attempt to "import findings of fact" from Exhibits 4 or 5. These exhibits are being introduced for the fact that the *Williams* court denied J-M's motion for summary judgment (Exhibit 4) and the jury returned a verdict against J-M in *Williams* (Exhibit 5). J-M may disagree with the underlying findings in those cases or whether it should be subject to liability for secondary exposure, but that is not the point of the exhibits. The fact of the order and the jury's verdict undercuts J-M's core theory in the Complaint that a purported lack of evidence of primary exposure, *ipso facto*, means a case is objectively baseless.

Courts routinely take judicial notice of court filings in these circumstances. *See Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1064-65 (N.D. Ill. 2004) (taking judicial notice of state court records "to recognize the act of filing that state court action and the subject matter of that litigation"); *World Water Works Holdings, Inc. v. Cont'l Cas. Co.*, 392 F. Supp. 3d 923, 932 (N.D. Ill. 2019) (taking judicial notice of court documents, including a brief in opposition to a motion to dismiss, "not to establish the truth of the matters asserted in those documents but rather to establish the fact of their existence"); *Orgone Cap. III LLC v. Daubenspeck*, 912 F.3d 1039, 1048-49 (7th Cir. 2019) (holding district court properly considered earlier complaint and court opinion where the court took notice that certain facts were pleaded in the original complaint).

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1 through 7 (Dkt. Nos. 55-1 through 55-7) when deciding Defendants' motion to dismiss.

Dated: June 4, 2026

Respectfully submitted,

*/s/ Ryan J. Mahoney*

Ryan J. Mahoney, #6290113
ryan@themahoneylawfirm.com
**MAHONEY LAW FIRM, LLC**
2220 South State Route 157, Suite 250
Glen Carbon, IL 62034
Tel: (618) 961-8287

Neal K. Katyal (admitted *pro hac vice*)
nkatyal@milbank.com
**MILBANK LLP**
1101 New York Avenue, NW
Washington, DC 20005
Tel: (202) 835-7505

Matthew J. Laroche (admitted *pro hac vice*)
Lacey K. Reimer (admitted *pro hac vice*)
Alexander S. Ruppert (admitted *pro hac vice*)
mlaroche@milbank.com
lreimer@milbank.com
aruppert@milbank.com
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000

*Counsel for Defendants The Gori Law Firm,*
*Beth Gori-Gregory, Sara Salger,*
*Erin Beavers, Jason Steinmeyer, and*
*Christopher Layloff*