**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| J-M MANUFACTURING COMPANY, INC., <br><br>       Plaintiff, <br><br>     v. <br><br> THE GORI LAW FIRM, BETH GORI-GREGORY, SARA SALGER, ERIN BEAVERS, JASON STEINMEYER, CHRISTOPHER LAYLOFF, and JOHN AND JANE DOES 1-25, <br><br>       Defendants. | Case No. 3:26-cv-00094-SPM <br><br> Hon. Stephen P. McGlynn <br> District Judge |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE EXPEDITED
THIRD-PARTY DISCOVERY UNDER FED. R. CIV. P. 26(D)(1)**

Plaintiff J-M Manufacturing Company, Inc. ("J-M") respectfully moves, under Federal Rule of Civil Procedure 26(d)(1), for leave to serve immediately document subpoenas on the Delaware Claims Processing Facility, LLC (the "DCPF") and the ten asbestos personal-injury trusts it administers (the "Trusts"), in advance of the Rule 26(f) conference. Good cause exists because the evidence J-M seeks—the Trusts' claimant "Claims Data"—is subject to an active, rolling destruction program that, as of July 31, 2026, is no longer restrained by any court order, and that evidence is uniquely material to J-M's claims and cannot be recovered from any other source once destroyed. In support, J-M states as follows:[1]

---

[1] Pursuant to the Court's case management procedures, undersigned counsel certifies that J-M's counsel has made a good-faith effort to resolve this issue without court intervention. Counsel for J-M has conferred by email with counsel for Defendants (Milbank LLP) regarding the relief sought in this motion. Defendants oppose J-M's request to serve third-party subpoenas for discovery at this time in light of their intent to move to stay discovery and their view that the information sought is available through Defendants and/or their clients. Defendants would not object, however, to a request for a preservation subpoena, which would direct DCPF to preserve but not produce documents.

111941435v3

## I.      INTRODUCTION

This action alleges that the Gori enterprise fabricated and manipulated asbestos product-identification evidence against J-M while steering the same claimants to assert inconsistent exposure claims against bankrupt manufacturers' trusts. The evidence of those inconsistent trust claims—the "Claims Data" held by the DCPF and the Trusts—is the single most probative body of proof of that aspect of the fraud alleged in the Complaint.

Since early 2025, the Trusts have operated under a record retention policy that destroys Claims Data for resolved claims on a rolling basis. A coalition of asbestos defendants, including J-M, sued in the Delaware Court of Chancery to halt that destruction. On July 31, 2026, the Delaware Supreme Court reversed the Court of Chancery and directed that the action be dismissed. *DBMP LLC, et al. v. Delaware Claims Processing Facility, LLC*, et al., No. 469, 2025 (Del. July 31, 2026). With that dismissal, the status-quo order that had preserved the Claims Data during the Delaware litigation will dissolve, and destruction of the Claims Data will resume imminently.

J-M therefore seeks leave to serve narrowly targeted Rule 45 subpoenas now—limited to the Claims Data of the asbestos claimants who have asserted claims against J-M in the underlying tort actions at issue here—so that this perishable, irreplaceable evidence can be preserved and obtained before it is destroyed. J-M does not seek merits discovery from Defendants through this motion; it seeks only to capture third-party evidence that will otherwise be lost forever.

## II.     BACKGROUND

### A.  The Claims Data and its relevance to this action.

Asbestos claimants seeking compensation from a bankruptcy trust must submit information supporting their claim—including diagnosis and medical records, work and exposure history, sworn statements, and product-identification evidence. That information, together with the records

2

the Trusts and the DCPF generate in processing the claim, is the "Claims Data." The DCPF is a Delaware entity that centrally administers claims for the ten Trusts.

The Claims Data is directly material here. J-M alleges that the same claimants who were instructed to identify J-M's asbestos-cement pipe in the tort system simultaneously (or later) asserted exposure to other companies' products in confidential trust filings—claims that contradict the product identification used against J-M. The Claims Data is the evidence that establishes those inconsistencies.

### B. The record retention policy and the Delaware litigation.

Beginning with notices issued on or about January 15, 2025, the Trusts adopted a record retention policy providing for the destruction of Claims Data for resolved claims on a rolling basis, with destruction commencing on or about April 15, 2025. For nearly two decades before that policy, the Trusts had retained all Claims Data.

J-M and other asbestos defendants sued the DCPF and the Trusts in the Delaware Court of Chancery to preserve the Claims Data. The Court of Chancery entered a stipulated status-quo order barring destruction while that action remained pending, and later denied the defendants' motion to dismiss. On July 31, 2026, the Delaware Supreme Court reversed and directed entry of judgment dismissing the action, holding that an equitable bill of discovery requires the petitioner to identify a specific pending or anticipated action to which the data is material. The July 31, 2026 opinion is attached as Exhibit A for the Court's convenience.

The practical consequence is urgent: once the Delaware judgment is entered and the status-quo order dissolves, nothing restrains the Trusts from resuming destruction of the Claims Data. Every day of delay risks the permanent loss of evidence central to this case.

111941435v3

### C.  The procedural posture of this action.

Defendants' motion to dismiss was argued on July 15, 2026, and is under advisement. The parties have not yet held a Rule 26(f) conference, and no discovery has issued. J-M has sought to move discovery forward: counsel for J-M requested a Rule 26(f) conference on or about July 21, 2026. Counsel for Defendants (Milbank LLP) responded that Defendants intend to move to stay discovery and proposed a scheduling conference with the Court the weeks of September 7th or 14th. This morning, the parties exchanged emails targeting August 12, 2026, for a Rule 26(f) conference.[2]

Whatever the outcome of that dialogue, it does not protect the Claims Data. A stay of party discovery would not enjoin the DCPF and the Trusts—non-parties located in Delaware—and this Court's ordinary discovery schedule will not produce this third-party evidence before the Trusts could destroy it. That is precisely why leave to take limited, expedited third-party discovery is necessary now.

## III.    LEGAL STANDARD

A party ordinarily "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except by stipulation or "when authorized … by court order." Fed. R. Civ. P. 26(d)(1). A court may authorize expedited discovery upon a showing of good cause. *Iglesias v. Fed. Bureau of Prisons*, 2021 WL 4820429, *2 (S.D. Ill. Oct. 15, 2021). "Good cause can be found when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." *Id*. (internal quotation omitted).  Courts weigh, among other things, (1) whether a preliminary injunction is pending; (2) the breadth of the

---

[2] Despite this approaching Rule 26(f) conference, this motion remains ripe in light of Defendants' expressed intention to move to stay discovery in this case.

111941435v3

discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011).

The risk that evidence will be lost or destroyed with the passage of time is a paradigmatic basis for expedited discovery. *See Physicians Interactive v. Lathian Sys., Inc.*, No. 03-1193-A, 2003 WL 23018270, *10 (E.D. Va. Dec. 5, 2003) (authorizing expedited discovery where electronic evidence could "easily be erased"); *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008) (expedited discovery warranted where evidence would become unavailable).

Because a Rule 45 subpoena may not be used to circumvent the Rule 26(d) sequence, J-M seeks the Court's leave rather than serving unilaterally.

## IV.   ARGUMENT

Considering the totality of the circumstances, good cause exists for the requested expedited discovery. First, good cause exists because the Claims Data faces imminent, irreversible destruction. The July 31, 2026, Delaware ruling removed the only legal restraint on the destruction of the Claims Data. The Trusts have made clear they intend to destroy resolved-claim data, and their record retention policy is already (or will soon be) operating on a rolling basis. Once destroyed, the Claims Data is gone—it cannot be reconstructed, and no later order can recover it. That is the classic circumstance in which courts authorize discovery ahead of the ordinary schedule, because the harm from waiting is permanent and cannot be remedied by money or by later discovery.

Second, the subpoenas will be narrowly tailored and seek uniquely material, otherwise-unavailable evidence. The proposed subpoenas are not a fishing expedition. They are limited to the Claims Data of the asbestos claimants who have asserted claims against J-M in the tort actions

111941435v3

underlying this case—an identified, finite set of claimants that J-M can specify by name. This is the evidence that goes to the heart of J-M's claims: it shows whether, and to what extent, the claimants pursued exposure theories against other manufacturers' trusts that are inconsistent with the product identification asserted against J-M. The Claims Data is also not obtainable from any other source. The Trusts and the DCPF zealously guard claimant identities, and the data is confidential absent consent or subpoena. The DCPF is a single Delaware repository—there is no practical alternative to obtaining the data from the entities that hold it. Once they destroy it, it is unavailable to anyone.

Third, the minimal burden on the Trusts and the absence of prejudice confirm good cause. The Trusts retained all Claims Data for nearly twenty years; preserving and producing the narrow, claimant-specific subset J-M seeks imposes little burden. No party to this action is prejudiced by allowing perishable third-party evidence to be captured before it is destroyed. The balance of interests—permanent loss of central evidence versus a modest, one-time production—strongly favors J-M.

Finally, expedited relief is warranted regardless of any stay of party discovery. Defendants' anticipated motion to stay discovery is no answer. This motion does not seek discovery from Defendants; it seeks third-party evidence from the DCPF and the Trusts. A stay of party discovery would leave the Claims Data entirely unprotected, because the Illinois forum cannot otherwise reach a Delaware non-party's document-destruction program. If anything, Defendants' effort to stay discovery underscores the need to preserve this evidence now, before it disappears.

*     *     *

In the alternative, should the Court decline to permit the requested subpoenas at this time, J-M asks for leave to serve the "preservation subpoenas" that Defendants have stated they would

6

111941435v3

not oppose. The subpoenas would require DCPF and the Trusts to Preserve the Claims Data during the pendency of this case.

## V. CONCLUSION

For the foregoing reasons, and given the imminent and irreversible destruction of the Claims Data, J-M respectfully requests expedited consideration and an order (i) granting leave under Rule 26(d)(1) to serve the document subpoenas described herein on the DCPF and the Trusts immediately; and (ii) directing the DCPF and the Trusts to preserve the responsive Claims Data pending compliance. Alternatively, J-M requests permission to serve DCPF and the Trusts with preservation subpoenas.

Dated: August 10, 2026     Respectfully submitted,

          */s/ Andrew C. Erskine*
          Ashwin J. Ram (ARDC No. 6286478)
          BUCHALTER LLP
          180 North LaSalle Street, Suite 2300
          Chicago, IL 60601-2808
          Telephone: (312) 980-5760
          aram@buchalter.com

          Andrew Erskine (ARDC No. 6305806)
          BUCHALTER LLP
          180 North LaSalle Street, Suite 2300
          Chicago, IL 60601-2808
          Telephone: (312) 980-5773
          aerskine@buchalter.com

111941435v3