**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| J-M MANUFACTURING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE GORI LAW FIRM, BETH GORI-GREGORY, SARA SALGER, ERIN BEAVERS, JASON STEINMEYER, CHRISTOPHER LAYLOFF, AND JOHN AND JANE DOES 1-25. <br><br> Defendants. | Case No. 3:26-cv-00094-SPM <br><br> Hon. Stephen P. McGlynn <br> District Judge |

**DEFENDANTS' MOTION TO STAY DISCOVERY AND**
**<u>MEMORANDUM OF LAW IN SUPPORT</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ............................................................................................................. 1

ARGUMENT .................................................................................................................. 5

I.     THE COURT SHOULD STAY DISCOVERY ................................................................. 5

      A.     A Stay Will Simplify the Issues in Question and Streamline the Trial ................. 5

            1.     The Complaint Raises a Threshold Immunity Issue That Should Be Resolved Before Proceeding to Discovery ................................................ 6

            2.     Defendants' Motion to Dismiss Raises Several Other Dispositive Issues ....................................................................................................... 7

      B.     A Stay Will Not Unduly Prejudice or Tactically Disadvantage J-M ..................... 9

      C.     A Stay Will Reduce the Burden of Litigation on the Parties and on the Court .... 10

CONCLUSION .............................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Archibald v. Scott Credit Union*,
    2025 WL 3119199 (S.D. Ill. Nov. 7, 2025) ...................................................................5, 9, 10

*Ass'n of Am. Physicians & Surgeons v. Am. Bd. of Med. Specialties*,
    15 F.4th 831 (7th Cir. 2021) ....................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................................10

*Bilal v. Wolf*,
    2007 WL 1687253 (N.D. Ill. June 6, 2007) .............................................................................6

*Cox v. Sherman Cap. LLC*,
    2014 WL 1328147 (S.D. Ind. Mar. 31, 2014)..........................................................................8

*E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*,
    365 U.S. 127 (1961)..................................................................................................................7

*Grand Canyon Skywalk Dev. LLC v. Steele*,
    2014 WL 60216 (D. Nev. Jan. 7, 2014)....................................................................................7

*Hardimon v. SCF Lewis & Clark Fleeting LLC*,
    2022 WL 1104738 (S.D. Ill. Apr. 13, 2022).............................................................................9

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)...............................................................................................................6, 8

*In re Innovatio IP Ventures, LLC Pat. Litig.*,
    921 F. Supp. 2d 903 (N.D. Ill. 2013) .......................................................................................7

*J-M Mfg. Co., Inc. v. Simmons Hanly Conroy, LLP*,
    2025 WL 843854 (N.D. Ill. Mar. 18, 2025)..............................................................................3

*Jones v. City of Elkhart*,
    737 F.3d 1107 (7th Cir. 2013) ..................................................................................................5

*Kuklinski v. Binance Cap. Mgmt. Co.*,
    2022 WL 3018427 (S.D. Ill. July 29, 2022) .............................................................................6

*Liggins v. Reicks*,
    2021 WL 2853359 (N.D. Ill. July 8, 2021)..........................................................................9, 10

*Limestone Dev. Corp. v. Vill. of Lemont*,
    520 F.3d 797 (7th Cir. 2008) ....................................................................................................8

*United States ex rel. Liotine v. CDW-Gov't, Inc.*,
  2009 WL 720958 (S.D. Ill. Mar. 18, 2009) ....................................................................3, 9, 12

*Lord v. PDD Holdings, Inc.*,
  2024 WL 5432081 (N.D. Ill. Feb. 28, 2024) ...........................................................5, 9, 10, 11

*Mercatus Grp., LLC v. Lake Forest Hosp.*,
  695 F. Supp. 2d 811 (N.D. Ill. 2010) .......................................................................................7

*Miller Pipeline Corp. v. Brit. Gas PLC*,
  69 F. Supp. 2d 1129 (S.D. Ind. 1999) ......................................................................................7

*Mirage Wine + Spirit's, Inc. v. Apple Inc.*,
  2024 WL 4581172 (S.D. Ill. Oct. 25, 2024) .............................................................................8

*N.M. Soc'y for Acupuncture & Asian Med. v. Kinetacore Holdings, LLC*,
  2017 WL 6343626 (D.N.M. Dec. 11, 2017) ..............................................................................7

*New W., L.P. v. City of Joliet*,
  491 F.3d 717 (7th Cir. 2007) ....................................................................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
  631 F.3d 436 (7th Cir. 2011) ....................................................................................................2

*Pizzo v. Bekin Van Lines Co.*,
  258 F.3d 629 (7th Cir. 2001) ....................................................................................................8

*Rao v. JPMorgan Chase Bank, N.A.*,
  2021 WL 4927415 (N.D. Ill. May 12, 2021) ..........................................................................12

*Realtek Semiconductor Corp. v. MediaTek, Inc.*,
  732 F. Supp. 3d 1101 (N.D. Cal. 2024) ...................................................................................7

*Relevant Grp., LLC v. Nourmand*,
  116 F.4th 917 (9th Cir. 2024) ..................................................................................................2

*Rossetto v. Pabst Brewing Co.*,
  217 F.3d 539 (7th Cir. 2000) ....................................................................................................6

*Simstad v. Scheub*,
  2008 WL 1914268 (N.D. Ind. Apr. 29, 2008) ..........................................................................8

*In re Sulfuric Acid Antitrust Litig.*,
  231 F.R.D. 331 (N.D. Ill. 2005)...............................................................................................10

*Trinity Sober Living, LLC v. Vill. of Hinsdale*,
  2022 WL 22894890 (N.D. Ill. Dec. 19, 2022)..........................................................................6

*United Mine Workers of Am. v. Pennington*,
    381 U.S. 657 (1965)......................................................................................................7

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*,
    20 F.3d 771 (7th Cir. 1994) ........................................................................................8

*Vital Proteins, LLC v. Ancient Brands, LLC*,
    2023 WL 5671857 (N.D. Ill. Sept. 1, 2023) ..................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 26(c) ...........................................................................................................5, 10

The Gori Law Firm, Beth Gori-Gregory, Sara Salger, Erin Beavers, Jason Steinmeyer, and Christopher Layloff (collectively, "Defendants") respectfully move this Court for an order staying discovery pending resolution of Defendants' motion to dismiss J-M's Complaint.[1]  As required by Local Rule 26.1(c), the parties met and conferred in good faith via email and on phone and video calls regarding a stay of discovery pending the Court's ruling on the motion to dismiss.  J-M objects to a stay.

## PRELIMINARY STATEMENT

Defendants seek a modest stay of discovery pending the Court's ruling on Defendants' motion to dismiss the Complaint, which is fully briefed and was argued in July.  Courts in this Circuit routinely stay discovery pending resolution of a motion to dismiss when a stay will simplify the issues in question, not unduly prejudice the non-moving party, and reduce the burden of litigation on the parties and the Court.  Each factor strongly supports a stay.

Courts regularly hold that the "simplify" prong is met where a motion to dismiss may dispose of all claims in the case.  That standard is clearly met here.  Defendants have identified numerous independent bases on which to dismiss J-M's claims against all Defendants, including that: (i) the allegedly wrongful acts identified in the Complaint constitute "petitioning activity" (*i.e.*, litigation activity) immunized under the First Amendment and *Noerr-Pennington* doctrine; (ii) J-M fails to allege any of the basic elements of its substantive RICO claims against any Defendant; (iii) J-M fails to state RICO conspiracy claims against any Defendant, both because its substantive RICO claims fail and because the conspiracy claims rest on impermissible conclusory

---

[1]    Unless otherwise stated, defined terms share the definitions set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss, dated April 21, 2026 (the "Mot.").  *See* Dkt. No. 54.

- 1 -

allegations; (iv) J-M fails to state any of the basic elements of its state law claims; and (v) J-M's Complaint repeatedly fails to particularize its allegations as required by Rule 9(b).

A stay is particularly warranted here because of the threshold *Noerr-Pennington* immunity issue, which bars lawsuits, like J-M's, predicated on underlying litigation activity.  Courts have stayed discovery in similar circumstances.  *See infra* Section I.A.1 (collecting cases).  Allowing discovery to proceed while the Court resolves Defendants' motion to dismiss would also undermine the policy rationale for protecting petitioning activity—*Noerr-Pennington* immunity "overprotects" such activity to avoid chilling First Amendment petitioning.  *See Relevant Grp., LLC v. Nourmand*, 116 F.4th 917, 927-28 (9th Cir. 2024).

The other stay factors are met as well.  J-M would not be prejudiced by a stay because no discovery is necessary to assess Defendants' motion to dismiss, which challenges the Complaint's facial deficiencies.  The parties and the Court also should not be required to engage in costly and burdensome discovery and case management activities when J-M has no cognizable claim entitling it to any relief.  Discovery in this case would be complex and involve complicated attorney-client privilege issues in numerous underlying cases going back almost a decade.  Indeed, many of J-M's allegations concern what Gori Law allegedly told its clients, which directly implicates privileged communications.  Discovery also may be required to effectively relitigate underlying asbestos cases, many of which J-M chose to settle.

J-M also all but acknowledged during oral argument that it needs discovery to address deficiencies in the Complaint, and the Complaint says the same thing.  *See, e.g.*, Compl. ¶¶ 28, 41 n.6, 89, 91, 95(b).  J-M has the process backwards.  *See, e.g., Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) ("[T]he particularity requirement of Rule 9(b) is designed to discourage a sue first, ask questions later philosophy."

(citation omitted)); *Ass'n of Am. Physicians & Surgeons v. Am. Bd. of Med. Specialties*, 15 F.4th 831, 835 (7th Cir. 2021) (same); *United States ex rel. Liotine v. CDW-Gov't, Inc.*, 2009 WL 720958, at *1 (S.D. Ill. Mar. 18, 2009) ("[T]he purpose of the heightened pleading requirement in a fraud case is frustrated by allowing a [plaintiff] to make vague claims of fraud, and then permitting him to engage in discovery in the hopes of uncovering enough specifics to adequately plead a case."); *Vital Proteins, LLC v. Ancient Brands, LLC*, 2023 WL 5671857, at *6 (N.D. Ill. Sept. 1, 2023) (same).

The Court should grant a brief stay until the motion to dismiss is decided.

## BACKGROUND

For at least a decade, Gori Law has been a leading advocate for victims who have suffered or died from asbestos-related illnesses. *See* Compl. ¶ 3. Gori Law has successfully litigated numerous asbestos cases against J-M, obtaining significant settlements to compensate victims. *Id.* ¶¶ 3-4, 33, 53. J-M does not dispute that it previously sold asbestos-cement pipes, or that asbestos exposure can cause mesothelioma, a deadly cancer. *See id.* ¶¶ 21, 33.

The Complaint is based entirely on Defendants' alleged conduct in connection with litigating asbestos cases against J-M. The Complaint alleges that, since at least 2018, Gori Law and several of its attorneys violated RICO by representing asbestos victims in cases against J-M and obtaining favorable settlements to compensate those victims.[2] The Complaint alleges that the Defendants: (1) filed frivolous cases against J-M to structure "batch settlements" (*id.* ¶¶ 35, 53-55); (2) created a "bounty system" that compensated attorneys who "coached" clients to provide

---

[2]    J-M is also pursuing many of the same RICO and state law claims against another litigation adversary. *See J-M Mfg. Co., Inc. v. Simmons Hanly Conroy, LLP*, 2025 WL 843854 (N.D. Ill. Mar. 18, 2025) (dismissing complaint). J-M subsequently filed an amended complaint, and a motion to dismiss that complaint is currently pending.

deposition testimony that they were exposed to products belonging to certain companies, including J-M (*id.* ¶¶ 36-37); and (3) used a "fraud playbook" to train attorneys on coaching clients to provide false deposition testimony (*id.* ¶¶ 41-52).  The Complaint does not identify a single case (even in the "sample cases" specified in the Complaint) in which any of the foregoing conduct occurred, let alone a case that was part of a batch settlement.

Based on this conduct, the Complaint asserts two enterprise theories: (1) the Gori Firm Enterprise (*id.* ¶¶ 76-83); and (2) the Bounty System Enterprise (*id.* ¶¶ 84-86).  J-M's conclusory enterprise allegations as to both theories are not supported by any factual allegations.  The Complaint also repeatedly groups all Individual Defendants together when alleging conduct, and the Complaint's Defendant-specific allegations have no factual support, are conclusory, and/or are made on information and belief, a point which J-M did not dispute during oral argument on Defendants' motion to dismiss.  Ex. 1 (Oral Argument Transcript) at 94:5-95:9.

On April 21, 2026, Defendants moved to dismiss J-M's Complaint, and that motion was fully briefed on June 4, 2026.  Dkt. Nos. 53-54, 57, 59.  The Court held oral argument on July 15, 2026.  During that oral argument, aware of the significant deficiencies in the Complaint, J-M repeatedly minimized the heightened pleading requirements of Rule 9(b), (Ex. 1 at 35:12-24, 39:16-40:2, 43:1-12, 49:4-9, 52:6-16, 67:19-68:3), and repeatedly suggested it needed discovery to substantiate its claims, (*id.* at 37:12-38:23, 43:22-44:2, 47:6-11).  The Complaint similarly suggests that J-M knows it lacks specific facts to support its allegations, stating that it needs discovery to "reveal" additional evidence to bolster its conclusory claims (despite its reliance on a purported whistleblower when drafting the Complaint).  Compl. ¶¶ 28, 89, 91, 95(b).

## ARGUMENT

### I.    THE COURT SHOULD STAY DISCOVERY

The Court has broad discretion to stay discovery for good cause.  Fed. R. Civ. P. 26(c); *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013) ("[D]istrict courts enjoy extremely broad discretion in controlling discovery.").  In determining whether a moving party has met its burden of showing that good cause exists, courts consider whether a stay will: (1) simplify the issues in question and streamline the trial; (2) unduly prejudice or tactically disadvantage the non-moving party; and (3) reduce the burden of litigation on the parties and on the court.  *Archibald v. Scott Credit Union*, 2025 WL 3119199, at \*1 (S.D. Ill. Nov. 7, 2025).  Each factor is met here.

### A.    A Stay Will Simplify the Issues in Question and Streamline the Trial

Granting a stay in this case will simplify the issues in question and streamline the litigation. Courts in this Circuit have found the "simplify" prong satisfied where a defendant's motion to dismiss asks the court to dismiss all of plaintiff's claims, because if the court dismisses all of plaintiff's claims, the decision will preclude the need for discovery altogether.  *See, e.g.*, *Archibald*, 2025 WL 3119199, at \*1 (finding a stay would simplify issues where granting all or part of motion to dismiss would be fully dispositive or limit the discovery needed); *Lord v. PDD Holdings, Inc.*, 2024 WL 5432081, at \*3 (N.D. Ill. Feb. 28, 2024) ("staying the case has the strong potential to simplify the issues" where defendant's "motion to dismiss if granted would remove an entire party from the case and would resolve a threshold issue in this litigation").  That is exactly the case here.

Defendants' motion to dismiss raises several purely legal questions, and a ruling in Defendants' favor would dispose of the entire litigation.  Defendants' motion also asks the Court to decide a threshold issue—whether J-M's suit is barred in its entirety because of *Noerr-*

*Pennington* immunity—making this case especially suitable for a brief discovery stay. *See Kuklinski v. Binance Cap. Mgmt. Co.*, 2022 WL 3018427, at *1 (S.D. Ill. July 29, 2022) (McGlynn, J.) ("Stays are often deemed appropriate where the motion to dismiss can resolve the case—at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." (citation omitted)).  Beyond that threshold bar to suit, J-M's claims fail on their face for multiple additional reasons.

### 1.    The Complaint Raises a Threshold Immunity Issue That Should Be Resolved Before Proceeding to Discovery

There is good cause to stay discovery because the Complaint challenges conduct that is protected by the First Amendment.  *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasizing that until a "threshold immunity question is resolved, discovery should not be allowed"); *Bilal v. Wolf*, 2007 WL 1687253, at *1-2 (N.D. Ill. June 6, 2007) (same).  "It is the often excessive and time-consuming burdens discovery imposes on the resources and energies of litigants that the Supreme Court has made clear ought to be postponed until the threshold question of immunity is resolved." *Bilal*, 2007 WL 1687253, at *2; *see also id.* ("Protracted discovery is the 'ban[e] of modern litigation.'" (quoting *Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000) (Posner, J.))).[3]

The Complaint's allegations are based entirely on Defendants' alleged pre-litigation and litigation conduct in underlying asbestos lawsuits, which J-M did not dispute in its opposition brief. Mot. at 10-13; Reply Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 1, Dkt. No. 59 (the

---

[3]    Though *Harlow* and *Bilal* both involve absolute/qualified immunity, the same analysis applies to *Noerr-Pennington* immunity.  The issue is not the distinction between the two immunities, but rather, whether J-M has plausibly alleged that the *Noerr-Pennington* doctrine does not bar J-M's claims, a threshold question. *See Trinity Sober Living, LLC v. Vill. of Hinsdale*, 2022 WL 22894890, at *1 (N.D. Ill. Dec. 19, 2022) (recognizing plaintiff must "plead[] enough facts to avoid application of the *Noerr-Pennington* doctrine").  It has not.

"Reply"). As the Supreme Court and Seventh Circuit have repeatedly held, litigation activity is protected by the First Amendment and the *Noerr-Pennington* doctrine. *See New W., L.P. v. City of Joliet*, 491 F.3d 717, 722 (7th Cir. 2007); *Mercatus Grp., LLC v. Lake Forest Hosp.*, 695 F. Supp. 2d 811, 818 (N.D. Ill. 2010), *aff'd*, 641 F.3d 834 (7th Cir. 2011); *E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965). Pre-litigation conduct is likewise protected by *Noerr-Pennington*. *In re Innovatio IP Ventures, LLC Pat. Litig.*, 921 F. Supp. 2d 903, 913 (N.D. Ill. 2013); *Miller Pipeline Corp. v. British Gas PLC*, 69 F. Supp. 2d 1129, 1138 (S.D. Ind. 1999). The broad *Noerr-Pennington* immunity provided to litigation activity is subject only to a narrow sham litigation exception, but J-M did not plausibly allege that it applies.

Courts have stayed discovery when faced with dispositive motions that raise *Noerr-Pennington* immunity as grounds for dismissal. *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117-18 (N.D. Cal. 2024) (*Noerr-Pennington* immunity); *N.M. Soc'y for Acupuncture & Asian Med. v. Kinetacore Holdings, LLC*, 2017 WL 6343626, at *2 (D.N.M. Dec. 11, 2017) (*Noerr-Pennington* immunity); *Grand Canyon Skywalk Dev. LLC v. Steele*, 2014 WL 60216, at *5 (D. Nev. Jan. 7, 2014) (*Noerr-Pennington* immunity). In the *Noerr-Pennington* context, granting a stay makes sense: allowing discovery to proceed would undermine the policy behind the *Noerr-Pennington* doctrine, which seeks to avoid retaliatory litigation and the burdensome discovery that often accompanies civil lawsuits.

### 2. Defendants' Motion to Dismiss Raises Several Other Dispositive Issues

Beyond the threshold immunity issue, Defendants' motion to dismiss identifies numerous independent bases for dismissing the Complaint for failure to state a claim: the Complaint is defective on nearly every element and sub-element of the civil RICO and RICO conspiracy statutes

- 7 -

(Mot. at 17-48), as well as the state law claims (Mot. at 48-50), which are all premised on the same allegations.  Courts in this District routinely grant stays where a defendant's motion to dismiss is fully dispositive of the issues in the case.  *See, e.g.*, *Simstad v. Scheub*, 2008 WL 1914268, at *1-2 (N.D. Ind. Apr. 29, 2008) (staying discovery in RICO case pending defendants' motion to dismiss where "plaintiffs have not shown that the resolution of [] issues [in that motion] requires discovery" and citing *Harlow*, 457 U.S. at 818 in support); *Mirage Wine + Spirit's, Inc. v. Apple Inc.*, 2024 WL 4581172, at *4 (S.D. Ill. Oct. 25, 2024) ("[A] stay of discovery has been deemed proper, before expensive discovery, when a party raises a potentially dispositive issue."); *Vital Proteins*, 2023 WL 5671857, at *3 ("[W]hile the filing of a motion to dismiss does not automatically stay discovery, staying discovery during the pendency of such a motion is not disfavored and [is] often appropriate where the motion to dismiss can resolve the case." (citation omitted)).

Motions to dismiss are meant to flush out flawed RICO and fraud claims at the pleading stage, and Rule 9(b)'s heightened pleading standard is designed to prevent "fishing expeditions." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).  Thus, "to excuse Plaintiffs' failure to include the requisite information in the Complaint because they lack information that would otherwise be unearthed in discovery would defeat the purpose behind [Rule 9(b)]." *Cox v. Sherman Capital LLC*, 2014 WL 1328147, at *5 (S.D. Ind. Mar. 31, 2014) (citing *Vicom*, 20 F.3d at 777); *see Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008) ("[A] defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case" and compiling cases); *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 633 (7th Cir. 2001) ("We are not impressed by [Plaintiff's] argument that with pretrial discovery she might

discover additional frauds. . . . The defendants should not be put to the burden of litigating a RICO

suit beyond the pleadings by allegations as thin as in this case.").

J-M should not be permitted to rely on anticipated discovery to adequately plead its claims.

*See Liotine*, 2009 WL 720958, at *1;*Vital Proteins*, 2023 WL 5671857, at *6.

### B.      A Stay Will Not Unduly Prejudice or Tactically Disadvantage J-M

A stay in this case will not unduly prejudice J-M.  In deciding whether a stay would create

undue prejudice or tactically disadvantage the non-moving party, courts look at factors like how

far along the litigation is, whether any discovery is required to respond to a pleading, and whether

there is a danger of evidence spoliation.  *See Archibald*, 2025 WL 3119199, at *1; *Lord*, 2024 WL

5432081, at *2.  Here, the action is still in its early stages; the Complaint was first filed on January

28, 2026, and the only substantive briefing so far has been Defendants' motion to dismiss and

related request for judicial notice.  *See Archibald*, 2025 WL 3119199, at *1 (finding no undue

prejudice where the case was still in the "early stages of litigation" six months after the complaint

was filed).

Nor is any discovery required to decide the motion to dismiss.  *Hardimon v. SCF Lewis &*

*Clark Fleeting LLC*, 2022 WL 1104738, at *3 (S.D. Ill. Apr. 13, 2022) (explaining a stay is

appropriate "where the requested discovery is unlikely to produce facts necessary to defeat the

motion"); *Liggins v. Reicks*, 2021 WL 2853359, at *2 (N.D. Ill. July 8, 2021) (same).  Defendants'

motion to dismiss can be assessed by reviewing the Complaint and the court filings that are

appropriately the subject of judicial notice.  Discovery will not assist the court in deciding whether

*Noerr-Pennington* immunity applies to litigation activity or whether J-M adequately alleged its

RICO and state law claims.  Moreover, J-M has already responded to Defendants' motion to

dismiss without any discovery, and J-M did not seek leave to conduct discovery prior to filing its

response. *Liggins*, 2021 WL 2853359, at *2 ("Plaintiff objects to a stay of discovery because he believes discovery is necessary to determine whether qualified immunity exists. Yet, Plaintiff did not seek leave to conduct discovery prior to filing his response to Defendants' motion to dismiss or otherwise explain how discovery would enable him to rebut Defendants' assertion that they are entitled to qualified immunity."); *Archibald*, 2025 WL 3119199, at *1 (similar).

Finally, a brief stay will not risk loss of data or create spoliation concerns. Defendants (attorneys themselves) are well aware of and are complying with their legal duties to preserve information relevant to this litigation. *Lord*, 2024 WL 5432081, at *2.

### C.    A Stay Will Reduce the Burden of Litigation on the Parties and on the Court

A brief stay of discovery will promote efficiency and preserve judicial and party resources. As the Supreme Court has observed, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citation omitted). Furthermore, in this Circuit, "discovery is frequently stayed pending a ruling on a motion to dismiss if a stay is required to enhance the efficiency of litigation, preserve judicial resources, and save time and money for the parties involved." *Archibald*, 2025 WL 3119199, at *1; *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 n.6 (N.D. Ill. 2005) (collecting cases staying discovery while a motion to dismiss is pending). The Supreme Court's guidance and this Circuit's practice should be applied here given the Complaint's numerous infirmities outlined above and in Defendants' motion to dismiss.

Proceeding to discovery at this stage would be exceptionally burdensome given the complexities inherent in defending against J-M's claims. *See* Fed. R. Civ. P. 26(c)(1); *Vital Proteins,* 2023 WL 5671857, at *3-4 (granting motion to stay discovery pending the resolution of

- 10 -

the motion to dismiss because the "sweeping nature of the requests" would "impose a significant burden"). Because J-M's claims are premised on Defendants' representations of hundreds or thousands of victims, discovery will present substantial attorney-client privilege and work product issues, as well as issues concerning clients' privacy rights. Defendants would need to undertake a careful review of any requested discovery, which will necessarily include documents and communications between Gori Law and its current and former clients, to determine whether the materials are privileged or if other protections apply. And hundreds of Gori Law's clients may need to be consulted or given the opportunity to object before any information may be disclosed. Courts frequently grant stays in such circumstances. *See Vital Proteins,* 2023 WL 5671857, at *3-4.

Finally, proceeding to discovery is premature where, as here, J-M has made minimal—and wholly insufficient—efforts to identify any fraud with the particularity required under Rule 9(b). J-M is alleging a sprawling conspiracy without specificity and intends to seek an enormous amount of discovery. *See Lord*, 2024 WL 5432081, at *3-4 (granting motion to stay discovery because the "resolution of the pending motions may . . . narrow the . . . issues for discovery"). J-M has also made it clear that it intends to seek discovery without regard for RICO's four-year statute of limitations. For example, J-M alleges that the conspiracy spans over 400 cases Gori Law filed over the past eight years, and that "the details" of the conspiracy are "predominantly within the exclusive knowledge and control of Defendants and will be revealed through discovery." Compl. ¶ 89; *see also id.* ¶¶ 28, 91, 95.

Crucially, at oral argument on Defendants' motion to dismiss, J-M's counsel frequently reiterated J-M's intent to seek discovery to supplement its allegations in the Complaint, despite characterizing the discovery sought as "limited" and "basic." *See, e.g.*, Ex. 1 at 38:15-23 ("Your

Honor, this isn't earth-shattering discovery.  We would be asking for some very basic things to start off: Give us the accounting records that give us the dates of your bounty payment checks; give us the dates of these settlement checks; give us . . . who were the deposition attorneys that are part of the conspiracy in one of the counts."), 39:2-4 (noting Plaintiff's deficient Complaint could be "cured with 60 days of limited discovery"), 43:24-44:2 ("A lot of the information – the details they say aren't in the complaint . . . .  Some basic discovery would get 90 percent of it, less than 60 days, okay."), 56:2 ("[T]hat's why we need discovery . . . ."), 67:16-17 ("Whether it's true or not, we can fight about it in discovery . . . .").

To be clear, even the "basic" discovery J-M purports to require would span hundreds of cases over nearly a decade—there is nothing limited about that.  And J-M's intended discovery does not stop with Gori Law:  "J-M Manufacturing anticipates additional discovery will reveal specific instances of fraud and related misconduct on the part of certain referrals [*sic*] firms, who may be added as defendants at a later date."  Compl. ¶ 41 n.6.  The discovery J-M intends to seek here—untethered from any specific allegations in its pleading and certain to raise threshold disputes intertwined with the issues central to the pending motion to dismiss—is exactly the kind of discovery that should not be permitted at this stage.  *Liotine*, 2009 WL 720958, at *1; *Vital Proteins*, 2023 WL 5671857, at *4.

Based on the foregoing, discovery should not proceed until this Court rules on Defendants' motion to dismiss.  J-M will not suffer any prejudice because the stay is only temporary.  *Rao v. JPMorgan Chase Bank, N.A.*, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021) (finding "that the mere delay in Plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice").  In contrast, Defendants will suffer prejudice if forced to devote extensive time and resources engaging in needless discovery on claims that will very likely be dismissed.

**CONCLUSION**

Based on the foregoing, the Court should stay discovery pending resolution of Defendants'
motion to dismiss the Complaint.

Dated: August 13, 2026                                      Respectfully submitted,

                                                           */s/ Ryan J. Mahoney*

                                                           Ryan J. Mahoney (State Bar No. 6290113)
                                                           ryan@themahoneylawfirm.com
                                                           **THE MAHONEY LAW FIRM**
                                                           2220 South State Route 157, Suite 250
                                                           Glen Carbon, IL 62034
                                                           Tel: (618) 961-8287

                                                           Neal K. Katyal (admitted *pro hac vice*)
                                                           nkatyal@milbank.com
                                                           **MILBANK LLP**
                                                           1101 New York Avenue NW
                                                           Washington, D.C. 20003
                                                           Tel: (202) 835-7505

                                                           Matthew J. Laroche (admitted *pro hac vice*)
                                                           Lacey K. Reimer (admitted *pro hac vice*)
                                                           Alexander S. Ruppert (admitted *pro hac vice*)
                                                           mlaroche@milbank.com
                                                           lreimer@milbank.com
                                                           aruppert@milbank.com
                                                           **MILBANK LLP**
                                                           55 Hudson Yards
                                                           New York, NY 10001
                                                           Tel: (212) 530-5000

                                                           *Counsel for Defendants The Gori Law Firm,*
                                                           *Beth Gori-Gregory, Sara Salger,*
                                                           *Erin Beavers, Jason Steinmeyer, and*
                                                           *Christopher Layloff*