IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J-M MANUFACTURING COMPANY, INC., <br><br>        Plaintiff, <br><br> v. <br><br> THE GORI LAW FIRM, et al., <br><br>        Defendants. | Case No. 26-CV-00094-SPM |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

This case is before the Court on Plaintiff's Motion for Leave to Serve Expedited Third-Party Discovery (Doc. 65) and Defendants' Motion to Stay Discovery (Doc. 66). Having been fully informed of the issues, the Court **GRANTS** Plaintiff's Motion for Leave to Serve Expedited Third-Party Discovery (Doc. 65) and **DENIES without prejudice** Defendants' Motion to Stay Discovery (Doc. 66).

Under FED. R. CIV. P. 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Here, Plaintiff requests permission for limited early discovery, namely permission to serve document subpoenas on Delaware Claims Processing Facility, LLC, and the ten personal injury trusts it administers (collectively, the "Trusts") to prevent the Trusts from proceeding with their scheduled document destruction. (Doc. 65).

Defendants oppose this request, arguing that discovery should be stayed until this Court rules on the pending Motion to Dismiss (Doc. 53). (Doc. 66). Defendants argue that early discovery would be inappropriate because it would (1) undermine their First Amendment rights and *Noerr-Pennington* immunity, (2) the complaint will not survive the motion to dismiss, (3) the Defendants are preserving their own copies of documents, and (4) early discovery would be "exceptionally burdensome" for them. (*Id.*). These arguments strongly weigh against allowing all discovery to go forward, but they hardly apply to allowing limited third-party discovery, which would (1) not interfere with any privilege or right that Defendants may be entitled to, and (2) does not place any burden on Defendants.

In light of the scheduled document destruction, the Court finds that it is appropriate for Plaintiff to proceed with limited early discovery. Plaintiff may serve document subpoenas on the Trusts as outlined in their Motion (Doc. 65). This Order does not limit any interested party from objecting to the contents of the document subpoenas.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Doc. 65) is **GRANTED** and Defendants' Motion (Doc. 66) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: August 14, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**