**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| J-M MANUFACTURING COMPANY, INC.,<br>Plaintiff,<br><br>v.<br><br>THE GORI LAW FIRM, BETH GORI-GREGORY, SARA SALGER, ERIN BEAVERS, JASON STEINMEYER, CHRISTOPHER LAYLOFF, AND JOHN AND JANE DOES 1-25,<br><br>Defendants. | Case No. 3:26-cv-00094-SPM<br><br>Hon. Stephen P. McGlynn<br>District Judge |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**RENEWED MOTION TO STAY DISCOVERY**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. THE COURT SHOULD GRANT A BRIEF STAY PENDING THE OUTCOME OF THE MOTION TO DISMISS .......... 2

A. A Stay Will Simplify the Issues .......... 2

B. A Stay Will Not Unduly Prejudice or Tactically Disadvantage J-M .......... 4

C. A Stay Will Reduce the Burden of Litigation on the Parties and on the Court .......... 4

D. The Court Should Not Grant J-M's Alternative Request .......... 5

CONCLUSION .......... 5

# TABLE OF AUTHORITIES

**Cases** **Page(s)**


*Alioto v. Town of Lisbon*,
651 F.3d 715 (7th Cir. 2011) ....................3

*Archibald v. Scott Credit Union*,
2025 WL 3119199 (S.D. Ill. Nov. 7, 2025) ....................2, 4

*Ford Motor Co. v. Knight L. Grp.*,
2025 WL 3306280 (C.D. Cal. Nov. 24, 2025)....................3

*Kuklinski v. Binance Cap. Mgmt. Co.*,
2022 WL 3018427 (S.D. Ill. July 29, 2022) ....................3, 4

*Lord v. PDD Holdings, Inc.*,
2024 WL 5432081 (N.D. Ill. Feb. 28, 2024) ....................2

*Mercatus Grp., LLC v. Lake Forest Hosp.*,
641 F.3d 834 (7th Cir. 2011) ....................3

*Mirage Wine + Spirit's, Inc. v. Apple Inc.*,
2024 WL 4581172 (S.D. Ill. Oct. 25, 2024) ....................2

*Nat'l Police Ass'n, Inc. v. Gannett Co., Inc.*,
2021 WL 5364207 (S.D. Ind. Oct. 25, 2021) ....................4

*New W., L.P. v. City of Joliet*,
491 F.3d 717 (7th Cir. 2007) ....................3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011) ....................3, 5

*Signature Wafers, LLC v. Hostess Brands, LLC*,
2020 WL 7079261 (E.D. Wis. Dec. 3, 2020) ....................5

*Smith v. Finkley*,
10 F.4th 725 (7th Cir. 2021) ....................3

*Vital Proteins, LLC v. Ancient Brands, LLC*,
2023 WL 5671857 (N.D. Ill. Sept. 1, 2023) ....................2

**PRELIMINARY STATEMENT**

J-M's Opposition (Dkt. No. 71 or "Opp.") confirms that all three stay factors favor Defendants. *First*, J-M does not dispute that a stay is appropriate where a motion to dismiss raises threshold defects and fails to comply with Rule 9(b), which is the case here. In fact, J-M does not cite a case denying a stay on similar facts or mention Rule 9(b) at all. *Second*, J-M all but concedes it will not be prejudiced by a stay given that Defendants are preserving documents, no discovery is needed to decide the motion to dismiss, and third parties have been served with subpoenas such that they now must preserve documents. *Third*, J-M does not dispute that discovery in this case will be complex and involve complicated privilege issues in potentially thousands of underlying cases. J-M argues (incorrectly) that a stay motion must be judged solely on the pending discovery requests, but even those requests seek a large amount of information about hundreds of claimants and Gori Law's business going back a decade.

J-M otherwise misconstrues the record. The August 14 Order did not decide the merits of a wholesale stay. It denied Defendants' motion without prejudice because the only discovery request before the Court was what J-M represented would be "narrowly targeted" third-party discovery, while expressly finding that Defendants' arguments "strongly weigh against allowing all discovery to go forward." The record is materially different now: following the Rule 26(f) conference, J-M has confirmed that it intends to pursue broad discovery from Defendants, has served broad discovery requests on Gori Law and broad subpoenas on third parties for information on hundreds of individuals, and has stated that this is just the "first wave." The Order preserved the question of whether a wholesale stay was warranted, and this record confirms that it is.

The discovery J-M calls "limited" is anything but. The party requests demand, among other things, compensation, revenue, and training records going back a decade, while the third-party subpoenas seek a large amount of data about hundreds of claimants. J-M's rush to conduct

discovery following the motion to dismiss hearing reflects its recognition of the weakness of its Complaint. This is the kind of fishing expedition that Rule 9(b) is designed to prevent.

## ARGUMENT

### I. THE COURT SHOULD GRANT A BRIEF STAY PENDING THE OUTCOME OF THE MOTION TO DISMISS

#### A. A Stay Will Simplify the Issues

J-M does not—and cannot—explain how a discovery stay would not simplify the issues in question and streamline the case for a potential trial. Rather than citing any cases denying a stay in similar circumstances, J-M spends over three pages (Opp. at 9-12) attempting to distinguish the cases cited by Defendants. Those efforts fall flat: (i) *Archibald v. Scott Credit Union* did not turn on any of the details J-M highlights, 2025 WL 3119199, at *1 (S.D. Ill. Nov. 7, 2025); (ii) *Lord v. PDD Holdings, Inc.*'s threshold jurisdictional challenge is no different than the threshold *Noerr-Pennington* and Rule 9(b) failures at issue here, 2024 WL 5432081, at *3 (N.D. Ill. Feb. 28, 2024); (iii) *Mirage Wine + Spirit's, Inc. v. Apple Inc.* authorized limited discovery only of materials that had already been collected in other cases, 2024 WL 4581172, at *4 (S.D. Ill. Oct. 25, 2024); and (iv) *Vital Proteins, LLC v. Ancient Brands, LLC* granted a "partial stay" as to counterclaims because that is what the plaintiff had asked for, 2023 WL 5671857, at *1 (N.D. Ill. Sept. 1, 2023).

Regardless, J-M recognizes that those cases stand for the proposition that discovery should be stayed when the Complaint raises "threshold defects." Opp. at 10. J-M also fails to address the case law holding that discovery is inappropriate where a party fails to plead with particularity under Rule 9(b). Dkt. No. 68 at 3 (collecting cases). Both issues are present here. J-M has not disputed—in its opposition to the motion to dismiss, at oral argument, or in its opposition to the motion to stay—***that it has failed to allege particularized allegations as to each of the Individual Defendants***. That failure alone is a core defect that dooms the entire Complaint. Allowing

discovery here "would defeat the purpose behind [Rule 9(b)]." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011).

*Noerr-Pennington* is another threshold defect, and J-M's efforts to argue around it are without merit. J-M argues that qualified immunity is different because *Noerr-Pennington* is an "affirmative defense," but so is qualified immunity. *Smith v. Finkley*, 10 F.4th 725, 737 (7th Cir. 2021). The issue is not the distinction between the two immunities, but whether there is a threshold protection from suit that should be adjudicated before engaging in discovery. Forcing a defendant to proceed to discovery before passing on the immunity issue would unfairly burden the defendant and chill protected petitioning activity. Dkt. No. 68 at 10 (compiling cases). J-M has not cited a single contrary case, and the Seventh Circuit cases it relies on confirm the same principle. *New W., L.P. v. City of Joliet*, 491 F.3d 717 (7th Cir. 2007); *Mercatus Grp., LLC v. Lake Forest Hosp.*, 641 F.3d 834, 837 (7th Cir. 2011) (*Noerr-Pennington* protects "First Amendment rights by ***immunizing*** petitioning activities from liability").

J-M also argues that discovery will help assess whether Defendants' conduct amounts to petitioning activity, but J-M did not challenge that or request discovery on the issue when it opposed the motion to dismiss. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720-21 (7th Cir. 2011). Regardless, *Noerr-Pennington* is a legal question decided at this stage on the face of the Complaint. *See generally Ford Motor Co. v. Knight L. Grp.*, 2025 WL 3306280 (C.D. Cal. Nov. 24, 2025).

Finally, J-M's "efficiency arithmetic" ignores the real burden: Defendants must not only serve objections but gather and review documents for production, while J-M has signaled that more requests are coming. All of this would be moot if the motion to dismiss is resolved in Defendants' favor. Contrary to J-M's reading, this Court's ruling in *Kuklinski v. Binance Cap. Mgmt. Co.*, 2022 WL 3018427, at *1 (S.D. Ill. July 29, 2022), supports a stay in these circumstances. As this

Court explained, "[s]tays are often deemed appropriate where the motion to dismiss can resolve the case—at least as to the moving party, or where the issue is a threshold one." *Id.* That is exactly this case. And the 90-day stay in *Kuklinski* only underscores the modesty of the relief Defendants seek: a brief stay until the Court rules on a fully briefed and argued motion to dismiss.

**B. A Stay Will Not Unduly Prejudice or Tactically Disadvantage J-M**

A discovery stay will not prejudice J-M, which it all but admits in its Opposition. J-M points to third-party document destruction, but the third parties are on notice to preserve from the subpoenas and Defendants do not object to a preservation order. J-M raises fading memories, but J-M seeks documents (which do not fade), has not identified a single witness at risk of being lost during a brief stay, and any incremental fading is negligible given the age of the evidence. *See Nat'l Police Ass'n, Inc. v. Gannett Co., Inc.*, 2021 WL 5364207, at *3 (S.D. Ind. Oct. 25, 2021).

**C. A Stay Will Reduce the Burden of Litigation on the Parties and on the Court**

J-M does not dispute the core facts supporting a stay: discovery will present substantial privilege, work product, and client privacy issues across hundreds or thousands of underlying cases, and Defendants would need to undertake a document-by-document review before production. J-M's silence on these points coupled with its failure to comply with Rule 9(b) overwhelmingly supports a stay. Instead of engaging on these issues, J-M argues that the burden factor is limited to the "discovery actually served." Opp. at 12. That is not the law. The question is whether a stay will "enhance the efficiency of litigation" as a whole. *Archibald*, 2025 WL 3119199, at *1. If J-M were right, then a party could always try to avoid a stay by holding back discovery requests until after the stay motion was decided, which is what J-M is doing here. Opp. at 8 (J-M's pending requests are the "first wave").

Regardless, J-M's characterization of its requests is inconsistent with the requests themselves. J-M's requests to Gori Law seek many years of documents, and the burden is obvious on their face. The qualifier "documents sufficient to show" rather than "all documents" (for some requests) does not alleviate the burden of locating and reviewing the data—it only limits what is ultimately produced. *Signature Wafers, LLC v. Hostess Brands, LLC*, 2020 WL 7079261, at *4 (E.D. Wis. Dec. 3, 2020) ("documents sufficient to show" request would still "impose a substantial burden"). J-M's contention that the subpoenas "track the motion this Court granted" is misleading. Opp. at 14. J-M did not disclose that it intended to seek information on hundreds of individuals or request so much data about them. J-M's request was supposed to be limited to individuals whose data might be subject to automatic destruction because their claims are "resolved." Yet, it sought information on ***every Gori Law client involving J-M***, while making no showing that all their claims are resolved or that their data is at apparent risk.

Finally, J-M faults Defendants for not engaging in a request-by-request meet and confer (Opp. at 3), but Defendants' position is that all discovery should be stayed pending the threshold legal issues in the motion to dismiss. A request-by-request negotiation over scope is beside the point when the threshold question is whether any discovery should proceed at all.

**D. The Court Should Not Grant J-M's Alternative Request**

Defendants do not object to the subpoenas serving as preservation demands or to the stay expiring automatically if the motion to dismiss is denied. Discovery should otherwise be stayed. J-M's requests are a fishing expedition to cure deficiencies in a Complaint that fails Rule 9(b). Opp. at 13-14; *see* Dkt. No. 68 at 3, 14-15; *see also Pirelli*, 631 F.3d at 441 ("[T]he particularity requirement of Rule 9(b) is designed to discourage a sue first, ask questions later philosophy.").

**CONCLUSION**

Based on the foregoing, the Court should stay discovery.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Ryan J. Mahoney*

Ryan J. Mahoney (State Bar No. 6290113)
ryan@themahoneylawfirm.com
**THE MAHONEY LAW FIRM**
2220 South State Route 157, Suite 250
Glen Carbon, IL 62034
Tel: (618) 961-8287

Neal K. Katyal (admitted *pro hac vice*)
nkatyal@milbank.com
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20005
Tel: (202) 835-7500

Matthew J. Laroche (admitted *pro hac vice*)
Lacey K. Reimer (admitted *pro hac vice*)
Alexander S. Ruppert (admitted *pro hac vice*)
mlaroche@milbank.com
lreimer@milbank.com
aruppert@milbank.com
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000

*Counsel for Defendants The Gori Law Firm,
Beth Gori-Gregory, Sara Salger,
Erin Beavers, Jason Steinmeyer, and
Christopher Layloff*